## NATIONAL SURETY CO v BOHN

Ohio Appeals, 2nd Dist, Montgomery Co

No. 1074. Decided Sept 3, 1931

Burkhart, Heald & Pickrel, Dayton, for National Surety Co.

Craighead, Cowden and Schnacke, Dayton, for Bohn.

ALLREAD, J.

The first question presented is as to alleged fraud in the statements made in the application upon which the policy was issued. It is clear to us, both upon reason and authority, such defense cannot be introduced in evidence under a general denial. A general denial raises the issue as to whether the application and the policy were made and does not raise the question of fraud in making the application and pro-

curing the policy. This is the general rule and has been sustained by the Supreme Court in the cases of **Moody v Insurance Co.,** 52 Oh St page 12, and **Mumaw v Insurance Co.,** 97 Oh St, page 1.

The question of fraud in the statements made in the application arises upon the testimony of Russell Tompert, an officer of the Winters National Bank, called by the plaintiff in rebuttal. Tompert states that O'Neil as agent of Bohn in the course of the investigation disclosed the fact that the business of the Beaudette & Graham Company, for the year of 1928, was not up to previous years. Application was then made to the agents of the plaintiff in error and the insurance was secured.

It is also claimed that there was misrepresentation as to the amount of indebtedness of the Beaudette & Graham Company to Bohn. We are clear, that so far as the $500.00 answer is concerned, that all the parties, including the general agents of the Insurance Company, must have known the real facts as to the indebtedness at the time the policy was issued. The trial court, however, submitted the entire question as to fraud to the jury under instructions which we think were not prejudicial to the Insurance Company, and the jury must have found that the evidence did not justify the charge of fraud. Whether the court was right on this subject we do not express an opinion but we find that even if the court was not right, there was no prejudice to the Insurance Company either in the admission of evidence or the charge of the court upon that question. We therefore hold that there was no prejudicial error in respect to the question of fraud as to the contract of insurance and that the verdict on that issue is not contrary to the weight of the evidence.

The next question is as to the authority of the local or soliciting agents to bind the surety company. It appears that Bohn concluded in the Fall of 1928 to apply for insurance upon the account of The Beaudette & Graham Company for tools, etc., used in the manufacture of washers under contract between Bohn and the Graham Company. Bohn got in touch with J. W. Stauffer, as the local or soliciting agent and that Stauffer called in Finucan also as a local and soliciting agent to assist him. The two local agents went over the books and papers of Bohn and all his contracts with the Graham Company including the contract between Bohn with the Graroe Company. Stauffer and Finucan took the matter up with the general agent of the National Surety Company, Mr. J. H. Winkler

of the J. H. Winkler Insurance Agency of Cleveland, and according to the testimony of Stauffer they took with them the contract between Bohn and The Graroe Company, Inc., and also the contract between Bohn and The Beaudette & Graham Company in relation to the manufacture of washers. They also submitted certain letters from Graham to Bohn and from Bohn to Graham, as President and some other correspondence. These were examined by the Winkler Company and a form of policy was agreed upon.

In the main body of the policy the item insured against was 80 per cent of the $30,000.00 on the insured's account, "which loss shall arise after the payment of the premium upon this policy and which loss shall consist of the unpaid purchase price of the insured's bona fide sales of tools and equipment, washing and ironing machines and parts to the debtor during the time commencing on November 15, 1928 and ending on November 14, 1929."

Certain riders attached to the policy were also agreed upon, among which was Rider No. 1. This rider provides as follows:

"By this rider attached to and made a part of Policy No. 9509, issued by the National Surety Company to Coffield Washer Company at Dayton, Ohio.

Whereas the insured has purchased for the account of The Beaudette & Graham Company, tools amounting to Thirty Thousand and 00.100 ($30,000.00) Dollars, and the said debtor has given the insured a 90 day note in settlement therefor, with the understanding that there are to be three renewals of this note but in no event shall the last maturity date be later than one year from the date the first note was made, it is agreed that for the purposes of this policy said notes or renewals thereof shall not be considered past due unless, at the maturity of the last renewal, said note or any balance thereof, is not promptly paid in cash.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of this policy other than as above stated.

All other terms and provisions of this policy, all riders attached thereto, to remain in full force and effect."

This rider was approved by the signature of E. M. Allen, as Vice President of the Company. The policy was thereupon issued to and was held by Bohn until some time in 1929, when notice was given to the Insurance Company of a probable default in the payment of the notes above referred to.

The local agents were called on the trial of the case who testified to various facts which transpired in reference to the formulation of said policy.

In considering the evidence, we have a right to assume that the jury must have found the main facts as testified to by the witnesses for the plaintiff to be true.

Counsel for the plaintiffs in error rely upon the authority of the **John Hancock Mutual Life Insurance Co. v Luzio, 123 Oh St, 613.** This case involved a question of life insurance. The court there construed §9391 GC. In the syllabus there is found this statement:

. "Sec 9586, GC, designating fire insurance agents as agents of the company, together with its related §9583, GC, confer much broader authority than is conferred upon agents soliciting life insurance, and their powers are clearly distinguishable. Under §9583, GC, soliciting agents of fire insurance companies possess authority of wider scope than those ordinarily conferred upon soliciting agents of life insurance companies; in addition to their duties, the former are required by law not only to examine the subjects of insurance but also to fix their insurable value."

In the opinion, Judge Jones undertakes to distinguish between the authority of local agents of the different classes as follows:

"Those two classes of insurance are clearly distinguishable. The case of **Foster v Scottish Union & National Insurance Co., 101 Oh St, 180,** cited and relied upon by counsel for defendant in error, related, not to life but to fire insurance companies, where the powers conferred on their agents are much broader, made so by statute and custom. The case of **Ohio Farmers Insurance Company v Cochran, 104 Oh St, 427,** likewise is a fire insurance case. The agents of fire insurance companies ordinarily have the right to bind their companies before they actually issue the policy, to attach riders thereto, to make deliveries thereof, and to pass upon the insurability of the property. They are clothed with powers not given to mere soliciting agents, who were employed to sell life insurance but have no authority to pass upon the insurability of the applicants."

The court, in the case of **Foster v Insurance Company, 101 Oh St, 180,** considered at length the power of the soliciting agent of a fire insurance company, holding that the knowledge of such agent of a fire insurance company is binding upon the insurance company. The recent case of the **Hartford Fire Insurance Company v Glass, 117 Oh St, 145,** involved the liability of the insurance company upon a policy of fire insurance. The company defended upon the ground that the property covered by the insurance policy was encumbered by a chattel mortgage. It was held that if the local or soliciting agent knew of the existence of the chattel mortgage at the time the insurance was issued, it was his duty to enter information of the chattel mortgage in the policy, and the failure of such agent would be attributable to the insurance company. The organization of credit guaranty companies is provided for in Chapter 4, beginning at §9621 GC. There is nothing in this chapter which regulates the appointment of an agent or fixes his authority. The general provisions in respect to insurance companies and which control all other companies except life insurance as to the authority of an agent is provided for in §9586, GC. This statute is as follows:

"A person who solicits insurance and procures the application therefor, shall be held to be the agent of the party, company or association, thereafter issuing a policy upon such application or a renewal thereof, anything in the application or policy to the contrary notwithstanding."

The trial court gave this section of the statute in its charge to the jury as the measure of the authority of local agents. We think the charge is correct in so stating the law as applied to local agents of insurance companies other than life insurance companies.

The next question is as to the weight of the evidence and the charge of the court.

Did the Beaudette & Graham Company agree to pay the amount of the note less the credits thereon of $10 for each washer produced, and did Bohn perform or offer to perform his part of the contract, and was the failure due to the notice of Beaudette & Graham Company to postpone the further manufacture of washers? In other words, was the fault that of Bohn or was the failure to produce the washing machines due to the fault of the Beaudette & Graham Company?

So far as the evidence on these issues are concerned there was sufficient evidence to require the question to be presented to the jury, and the jury having returned a verdict in favor of the plaintiff it must be sustained, unless it is contrary to the manifest weight thereof. This we do not find.

The charge of the court we think was free

from error prejudicial to the plaintiff in error.

Upon the whole case we reach the conclusion that there is no error in the record and that the judgment must be affirmed.

HORNBECK and KUNKLE, JJ, concur.